UNITED STATES DISTRICT COURT

**E-filing** NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

PHILLIP H. BENSON                    CIVIL ACTION NO. _____

PLAINTIFF,

vs.                                            COMPLAINT

PFIZER, INC., PHARMACIA
CORPORATION, and                               **CRB**
G.D. SEARLE, LLC

DEFENDANTS.

---

## C O M P L A I N T

COMES NOW, the Plaintiff, Phillip H. Benson, who respectfully represents:

### I.

1.     This is an action for damages suffered by Plaintiff as a direct and proximate result of

Defendants' wrongful conduct including, but not limited to the design, manufacture, distribution,

testing, labeling, failure to warn of harmful side effects, warranting, and sale of the prescription drug

BEXTRA®.

### II.

### PARTIES

2.     Plaintiff, Phillip H. Benson, is a person of the full age of majority and a resident of

El Dorado, Union County, Arkansas.

3.    Defendant, Pfizer, Inc., ("Pfizer") is a Delaware corporation with its principal place of business in New York, New York. In 2003, Pfizer acquired Pharmacia Corporation for nearly $60 billion. At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling the drug Valdecoxib, under the trade name BEXTRA® in California, Mississippi and nationwide.

4.    Defendant G.D. Searle, LLC, formerly known as G.D. Searle & Co. ("Searle") is a Delaware Corporation with its principal place of business in Illinois. At all relevant times, Searle has been engaged in the business of marketing and selling BEXTRA® nationwide and in California and Mississippi. Searle is a subsidiary of Pfizer, acting as its agent and alter ego in all matters alleged within this Complaint.

5.    Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New Jersey. At all relevant times, Pharmacia, and its predecessors in interest have been engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling BEXTRA® nationwide and in California and Mississippi.

## III.

### JURISDICTION AND VENUE

6.    This is an action for damages, which exceeds seventy-five thousand dollars ($75,000.00).

7.    There is complete diversity of citizenship between the Plaintiff and Defendants. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between Plaintiff and Defendants.

8.      Venue is proper in this United States Judicial District pursuant to 28 U.S.C.A. § 1391. Defendants marketed, advertised and distribute the dangerous product in the district, thereby receiving substantial financial benefit and profits the dangerous product in this district, and reside in this district under 28 U.S.C.A. § 1391(c), such that venue is proper.

9.      At all relevant times herein, Defendants were in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling their product, BEXTRA®. Defendants at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned drug. Defendants do substantial business in the State of California and within this Federal Judicial District, advertise in this district, receive substantial compensation and profits from sales of BEXTRA® in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District. In engaging in the conduct alleged herein each defendant acted as the agent for each of the other defendants, or those defendants' predecessors in interest.

## IV.

## INTERDISTRICT ASSIGNMENT

10.     Assignment to the San Francisco Division is proper as this action is related to *in Re: Bextra and Celebrex Marketing Sales Prac. And Pro. Liab. Lit.*, MDL - 1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**V.**

**FACTUAL ALLEGATIONS**

11.    Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in Arkansas.

12.    Plaintiff, Phillip H. Benson, ingested BEXTRA® as prescribed from December 2, 2002 through approximately November 20, 2004. As a result of taking BEXTRA® , Plaintiff suffered a myocardial infarction and cardiac arrest on November 20, 2004.

13.    At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

14.    The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendants as BEXTRA®.

15.    BEXTRA® is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults and painful menstrual cycles.

16.    As of March 2005, Pfizer, Inc. refused to withdraw BEXTRA® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of BEXTRA®.

17.     Defendants materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of BEXTRA®.

18.     Defendants expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for its intended use.

19.     Defendants were aware of the substantial risks from taking BEXTRA® but failed to fully disclose same.

20.     Defendants failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendants liable for the Plaintiff's injuries.

## VI.

## FIRST CAUSE OF ACTION

## PRODUCTS LIABILITY

21.     Plaintiff adopts and re-alleges Paragraphs 1-20 above as if fully set forth herein.

22.     Defendants were in the business of designing, developing, manufacturing, marketing, distributing, testing, warranting and/or selling BEXTRA®.

23.     Plaintiff further alleges that Defendants sold and/or distributed BEXTRA® in a condition that posed unreasonable risks from reasonably anticipated use. Plaintiff avers that the aforementioned product expected to and did reach the consumers, Plaintiff, without substantial change in condition from the time that it left the control of Defendants.

24.     The defective condition(s) alleged herein rendered BEXTRA® unreasonably dangerous to Plaintiff and proximately caused the injuries and damages for which recovery is sought.

25.     The risks associated with the use of BEXTRA® far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the Plaintiff without compromising its usefulness.

26.     Defendants knew, or in light of reasonably available knowledge should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of BEXTRA® would not realize such dangers.

27.     In using BEXTRA®, the Plaintiff relied on the knowledge, skill, judgment, representations, and express and/or implied warranties of the Defendants. Had the Plaintiff known of the actual dangers associated with the use of BEXTRA®, he would not have consumed it.

28.     Defendants neglected to provide Plaintiff warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®. Had such warnings been provided, the injuries and damages sustained by Plaintiff could have been avoided.

29.     Defendants failed to provide warnings which accurately advised an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®.

30.    Plaintiff contends that BEXTRA® failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harm sustained by Plaintiff.

31.    Defendants are liable to Plaintiff for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of BEXTRA®.

## VII.

## DAMAGES

32.    Plaintiff adopts and re-alleges Paragraphs 1-31 above as if fully set forth herein.

33.    As a result of Defendants' acts, omissions and/or misconduct, Plaintiff has suffered compensatory damages, which include, but are not limited to, the following, and are entitled to recover damages in an amount found to be reasonable at the trial of this matter:

(a)    Stroke and related injuries;

(b)    Heart attack and related injuries;

(c)    Severe and permanent physical and mental injuries and associated disabilities;

(d)    Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries;

(e)    Wrongful death;

(f)    Loss of enjoyment of life;

(g)    Increased risk of health problems;

(h)    Loss of past and future income;

(i)    Past and future medical, rehabilitation, and life care expenses;

Page 7 of 9

(j)   Mental anguish and emotional trauma;

(k)   Continued medical monitoring;

(l)   Any and all other damages to be shown at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for and demands judgment of and from the Defendants, PFIZER, INC., G.D. SEARLE, LLC, and PHARMACIA CORPORATION for actual and compensatory damages in a reasonable amount to compensate Plaintiff, and Plaintiff further demands judgment of and from Defendants, PFIZER, INC., G.D. SEARLE, LLC, and PHARMACIA CORPORATION together with pre-judgment interest, post-judgment interest and all costs of this proceeding.

WHEREFORE, Plaintiff prays:

1.   That Defendants be required to answer this complaint after all legal delays have run, all in accordance with law;

2.   That Plaintiff recovers her costs for the prosecution of this action;

3.   That the Court render judgment in favor of the Plaintiff awarding all damages and relief as prayed for herein, including attorneys' fees, with all costs assessed against Defendants.

Respectfully submitted,

VANCE ANDRUS
ANDRUS, BOUDREAUX, LEMOINE & TONORE
P.O. Box 3347
416 West Main Street
Lafayette, LA 70502
Telephone: (337) 233-3075

BRYAN AYLSTOCK
JUSTIN WITKIN
AYLSTOCK, WITKIN, KREIS & SASSER, PLLC
4400 Bayou Blvd., Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450

DAWN BARRIOS
BRUCE KINGSDORF
BARRIOS, KINGSDORF & CASTEIX, LP
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Telephone: (504) 524-3300

MATTHEW LUNDY
LUNDY & DAVIS, LLP
P.O. Box 3010
Lake Charles, LA 70602
Telephone: (337) 439-0707

NEBLETT, BEARD & ARSENAULT
RICHARD J. ARSENAULT - 2563
Attorneys at Law
Post Office Box 1190
Alexandria, LA 71309-1190
Telephone: (318) 487-9874

BY: _____
RICHARD J. ARSENAULT #2563

E-Filing

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Phillip H. Benson

## DEFENDANTS

Pfizer, Inc., Pharmacia Corporation, G.D. Searle, LLC

**(b)** County of Residence of First Listed Plaintiff  Union County, AR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard J. Arsenault
P.O. Box 1190
Alexandria, LA  71309-1190
(318) 487-9874

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [X] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| | | | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | | or Defendant) | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [X] 6 Multidistrict Litigation  1699
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
BEXTRA  (MDL 1699)

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  3/31/18

SIGNATURE OF ATTORNEY OF RECORD